<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0085

STATE OF LOUISIANA

VERSUS

JUAN CARLOS PAZZUNIGA

Judgment Rendered: __**SEP 1 5 2023**__

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne ·
State of Louisiana
No. 784505

The Honorable David W. Arceneaux, Judge Presiding

* * * * *

| | |
|---|---|
| Joseph L. Waitz, Jr. | Attorneys for Appellee |
| Amanda L. Mustin | State of Louisiana |
| Houma, Louisiana | |
| | |
| Lieu T. Vo Clark | Attorney for Defendant/Appellant |
| Mandeville, Louisiana | Juan Carlos Pazzuniga |

* * * * *

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

**HOLDRIDGE, J.**

The defendant, Juan Carlos Pazzuniga, was charged by grand jury indictment with three counts of first-degree rape, violations of La. R.S. 14:42(A)(4), and pled not guilty. Following a jury trial, he was found guilty as charged by unanimous verdicts. On each count, he was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence, with the sentences to run concurrently with one another. The defendant now appeals, challenging the sufficiency of the evidence to support each conviction. For the following reasons, we affirm the convictions and sentences.

## FACTS

Y.S.,[1] Y.G., and Y.M., are the defendant's nieces. On August 9, 2018, they made recorded statements to the Child Advocacy Center (CAC) alleging the defendant had raped and committed other sex crimes against them when they were between five and seven years old. Thereafter, they testified at trial against the defendant.

Y.P. and A.M. are two adult female relatives of the defendant. They testified at trial that when they were five and under eighteen years old, respectively, the defendant attempted to rape them, raped them, touched their vaginas, or forced them to touch his penis.

The defendant testified he was the uncle of Y.S., Y.G., and Y.M. He had no explanation for why his nieces would come to court and make accusations against him. He testified when he first heard of the allegations, he told his wife there was "no way [he would] do that to [Y.S., Y.G., and Y.M.]" The defendant also denied inappropriately touching Y.P. and A.M. He stated he was a stranger to Y.P. when they met when she was five years old, and they could not communicate because she spoke

---

[1] We reference the victims and their family members by their initials. See La. R.S. 46:1844(W).

2

English and his English was poor. In regard to A.M.'s allegations, the defendant stated the bed faced the bathroom, so he would not have been able to do anything to A.M. if his wife was in the bathroom and it was impossible for him to have reached her vagina from the bed.

## SUFFICIENCY OF THE EVIDENCE

In his sole assignment of error, the defendant contends the evidence was insufficient to convict him of three counts of first-degree rape. He argues the State's case against him consisted of the testimony and CAC statements of Y.S., Y.G., and Y.M., but did not include corroborating witnesses, physical evidence, or scientific analysis.

A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const. amend. XIV, La. Const. art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, an appellate court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt based on the entirety of the evidence, both admissible and inadmissible, viewed in the light most favorable to the prosecution. See **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); **State v. Oliphant**, 2013-2973 (La. 2/21/14), 133 So.3d 1255, 1258-59 (per curiam); see also La. Code Crim. P. art. 821(B); **State v. Mussall**, 523 So.2d 1305, 1308-09 (La. 1988); **State v. Livous**, 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1039-40, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130. When circumstantial evidence forms the basis of the conviction, the evidence, "assuming every fact to be proved that the evidence tends to prove . . . must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; **Oliphant**, 133 So.3d at 1258; **Livous**, 259 So.3d at 1040.

The due process standard does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt

3

beyond a reasonable doubt. **State v. Mire**, 2014-2295 (La. 1/27/16), 269 So.3d 698, 703 (per curiam). Rather, appellate review is limited to determining whether the facts established by the direct evidence and inferred from the circumstances established by that evidence are sufficient for any rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. **State v. Gardner**, 2016-0192 (La. App. 1st Cir. 9/19/16), 204 So.3d 265, 267. The weight given evidence is not subject to appellate review; therefore, an appellate court will not reweigh evidence to overturn a factfinder's determination of guilt. **Livous**, 259 So.3d at 1040.

La. R.S. 14:41,[2] in pertinent part, provided:

> A.   Rape is the act of anal ... or vaginal sexual intercourse ... committed without the person's lawful consent.
>
> B.   Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

La. R.S. 14:42, in pertinent part, provides:

> A.   First degree rape is a rape committed ... where the anal ... or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

## Count I

Y.S. was eleven years old when she testified at trial.[3]   She identified the defendant in court as the man who raped her in a shed. In her CAC statement, Y.S. indicated that when she was six years old, the defendant touched her vagina when they

---

[2] Prior to amendment by 2022 La. Acts No. 173, § 1.

[3] Y.S. testified on August 11, 2022.

4

were in a car together and vaginally and anally raped her on a motorcycle in a shed. She also alleged the defendant had squeezed and touched inside her vagina and "bottom."

## Count II

Y.G. was eleven years old when she testified at trial. She identified the defendant in court as her uncle Juan. She identified herself in the CAC video played for the jury.

In the video, Y.G. stated, when she was seven years old, the defendant tickled and touched her vagina and touched her buttocks and chest in the shower. Y.G. also alleged the defendant vaginally raped her while her aunt was taking a bath. Y.G. further alleged the defendant put her on a chair in the shed and vaginally raped her.

At trial, Y.G. confirmed that everything she said in the video was true. She testified that the defendant had vaginally raped her in the bathroom and vaginally and anally raped her against the bed in the room next to the bathroom.

## Count III

Y.M. was nine years old when she testified at trial. She identified the defendant in court as her uncle Juan. She identified herself in the CAC video played for the jury.

In the video, Y.M. stated the defendant licked her vagina on a bed at her aunt's house. She also testified that the defendant had anally raped her in the bathroom and had vaginally raped her in the shed and the pool.

## La. Code Evid. art. 412.2(A) Evidence

Y.P. was twenty-seven years old when she testified at trial. She identified the defendant in court. She testified that when she was five years old, her mother left her alone with the defendant because he was a relative. The defendant tricked her into undressing and then touched her vagina while playing "the little spider" game with her. Thereafter, the defendant forced Y.P. to touch his penis and tried to vaginally rape her.

5

Y.P. testified that when she was nine years old, the defendant tried to make her touch his penis and "stuck it in ... one time."

A.M. was twenty-nine years old when she testified at trial. The defendant was her older sister's husband. A.M. testified that when she was less than eighteen years old, the defendant touched her vagina while her sister took a bath and while she was sleeping on the floor and the defendant was in bed with her sister.

Any rational trier of fact, viewing the evidence presented in this case in the light most favorable to the State, could find the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of first-degree rape and the defendant's identity as the perpetrator of that offense against Y.S., Y.G., and Y.M. While the trial testimony of Y.S., Y.G., and Y.M. was less specific than their CAC statements, this was a matter of the weight, rather than the sufficiency, of the evidence. The verdicts returned indicate the jury found Y.S., Y.G., and Y.M. credible. That testimony was sufficient to prove the elements of the offense. Despite the defendant's claim of a lack of corroborating witnesses, physical evidence, or scientific analysis, it is not necessary that these forms of evidence exist or be presented to prove the defendant committed first-degree rape. The testimony of the victim alone is sufficient to prove the elements of the offense. See **State v. Cutrer**, 2012-2128 (La. App. 1st Cir. 9/17/13), 2013 WL 5288918, *3 (unpublished), writ denied, 2013-2509 (La. 6/20/14), 141 So.3d 278 and **State v. El-Amin**, 2011-0030 (La. App. 1st Cir. 6/10/11), 2011 WL 3570012, *7 (unpublished), writ denied, 2011-1532 (La. 2/17/12), 82 So.3d 281, cert. denied, 568 U.S. 835, 133 S.Ct. 128, 184 L.Ed.2d 61 (2012) ("It is well settled that if found to be credible, the testimony of the victim of a sex offense alone is sufficient to establish the elements of the offense, even where the [S]tate does not introduce medical, scientific, or physical evidence to prove commission of the offense by the

defendant."). This court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. **State v. Johnson**, 2013-0372 (La. App. 1st Cir. 12/27/13), 2013 WL 6858334, *3 (unpublished), writ denied, 2014-0254 (La. 11/26/14), 152 So.3d 895. Further, in reviewing the evidence, we cannot say that the fact finder's determination was irrational under the facts and circumstances presented. See **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 662. The State urged the jury to reject the defendant's claim that Y.S., Y.G., and Y.M. had been coached and to "listen to how [Y.S., Y.G., and Y.M.] describe things and ... listen to details[.]" Rather than reciting "coached" identical versions of the offenses, Y.S., Y.G., and Y.M. each recounted different acts and incidents of sexual abuse. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. See **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam).

This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the convictions and sentences of the defendant, Juan Carlos Pazzuniga.

**CONVICTIONS AND SENTENCES AFFIRMED.**